UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
[redacted]

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Pedro Luis Hernandez | ) | |

Petitioner, Pedro Luis Hernandez, seeks habeas corpus relief pursuant to 28 U.S.C. § 2255, claiming he received ineffective assistance of counsel at trial and on appeal. Petitioner's claims fail.

I. <u>Background</u>

In May, 1998, a jury found petitioner guilty of conspiracy to distribute methamphetamine, in violation of 21 U.S.C. § 846, and conspiracy to launder drug money, in violation of 18 U.S.C. § 1956. Following his conviction, petitioner was sentenced to a 235 month term of imprisonment.

Petitioner appealed his conviction and sentence, claiming the government failed to prove a single conspiracy as alleged in the indictment. Petitioner also claimed the district court erred in authorizing the use of wire taps; abused its discretion by admitting summary charts; erred in failing to suppress evidence seized pursuant to a search warrant; and erred at sentencing in determining the amount of drugs distributed. The Eighth Circuit Court of Appeals affirmed petitioner's conviction and sentence.

FILED
RICHARD D. SLETTEN, CLERK
JAN 30 2002
JUDGEMENT ENTERED
JAN 30
DEPUTY CLERK'S INITIALS

See United States v. Gutierrez et al., 205 F.3d 1348 (8th Cir. 1999) (unpublished table decision).

Petitioner then filed this motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

II. Discussion

Petitioner claims his attorney failed to investigate and properly prepare for trial by failing to (1) investigate petitioner's diminished capacity; (2) obtain the assistance of forensic experts; (3) investigate known and potential witnesses; (4) adequately consult with petitioner in preparation for and during trial; and (5) learn the facts and familiarize himself with petitioner's criminal history before rendering plea advice. Petitioner also claims his attorney was ineffective on direct appeal by failing to (1) procure the complete trial transcript in preparation for appeal; (2) properly and effectively present petitioner's "variance and multiple conspiracies issue"; and (3) present an Apprendi claim based on enhanced sentencing for the use of a minor.

In Strickland v. Washington, the United States Supreme Court established the two-pronged standard used to evaluate claims of ineffective assistance. 466 U.S. 668 (1984). Strickland requires petitioner to establish, first, that his "counsel's representation [fell] below an objective standard of reasonableness," such that he was not functioning as counsel; and, second, that "there is a

reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different," such that the proceedings were rendered fundamentally unfair or unreliable. Id. at 687-94. The Court applies a deferential standard of review and presumes counsel's representation was competent. Id. at 689. The Court finds petitioner fails to show that his counsel was ineffective at trial or on appeal, or that he suffered prejudice therefrom.

A. Ineffective Assistance of Counsel at Trial

1. Diminished Capacity

Petitioner contends his counsel should have informed the Court that petitioner lacked mental capacity due to medication he was taking to treat depression and insomnia. Petitioner fails to provide, however, sufficient evidence and documentation of any diminished capacity. During pretrial motions, 13 days of trial, and sentencing, petitioner never showed any indication that he did not understand the proceedings. To the contrary, he appeared alert and sentient during the entire proceeding. The Court will not find counsel's representation to be deficient if petitioner failed to inform his counsel or the Court of his medical condition.

2. Forensic Experts

Petitioner next contends his attorney was ineffective by failing to obtain forensic experts to prove that drug notes and other evidence of a drug conspiracy were not petitioner's, but

belonged to his brother. The decision not to call a witness is, however, a "virtually unchallengeable" trial strategy. See United States v. Davidson, 122 F.3d 531, 538 (8th Cir. 1997). Moreover, even if counsel had hired a forensic expert, this evidence would be insubstantial relative to adverse testimony by six cooperating co-conspirators.

Petitioner also claims his counsel was ineffective in failing to hire a chemical dependency expert to prove petitioner was a drug addict rather than a drug dealer. There was no dispute that petitioner was a drug addict, but there was also substantial evidence at trial that he was part of a drug-dealing conspiracy. Using drugs does not mean that petitioner cannot be held accountable for dealing drugs.

3. Witness Investigation

Petitioner next contends his counsel was ineffective for failing to call several witnesses: Mayra Caban, Gwen Youness, Karen Vargas, Eddie Miranda, Gladys Vasques, Lorna Hernandez, and Pedro and Octavia Hernandez. Again, counsel's decision not to call a witness is "virtually unchallengeable" as a tactical decision. Davidson, 122 F.3d at 538. Although petitioner suggests what testimony these witnesses would have provided, he does not show either that his counsel was deficient for having to declined to call them or that doing so would have altered the result of the trial.

4. Consultation with Petitioner

Petitioner next contends his attorney failed to adequately consult him in preparation for and during trial. A lawyer is not required, however, to consult his client regarding trial tactics. See Underwood v. Clark, 939 F.2d 473, 474 (7th Cir. 1991).

Moreover, petitioner's counsel offered a strong and thorough defense. He filed several pre-trial motions and prevailed on some of them. At trial, he vigorously cross-examined government witnesses, attacking their credibility and testimony. At sentencing, he raised several objections to the PSI, succeeding on some of them.

5. Criminal History

Petitioner's final allegation of ineffective assistance of counsel at trial is that his attorney failed to adequately investigate his criminal history and consequently was ineffective in negotiating a plea. Petitioner implies he would have entered a plea if he had been correctly informed that he was not a career offender.

Petitioner steadfastly denied, however, that he was a participant in the drug conspiracy and would not cooperate with the government. A defendant does not have a constitutional right to plea bargain with the government. See Weatherford v. Bursey, 429 U.S. 545, 561 (1977). Moreover, "[d]efense counsel does not always have a duty to initiate plea bargain negotiations." Beans v.

Black, 757 F.2d 933, 936 (8th Cir. 1985) (finding counsel's failure to procure a plea was not ineffective assistance of counsel). Therefore, petitioner fails to show prejudice from his counsel's representation concerning his criminal history and plea bargaining.

B. Ineffective Assistance of Counsel on Appeal

1. Trial Transcript

Petitioner contends his counsel was ineffective on appeal for failing to procure the complete trial transcript. Although petitioner quotes Supreme Court dicta expressing the value of a trial transcript to an effective appeal, he fails to show that his counsel's representation fell below an objective standard of reasonableness. Moreover, he wholly fails to demonstrate any reasonable probability that the appeal's outcome would have been different had his counsel requested the entire transcript.

2. Variance and Multiple Conspiracy Issue

Petitioner claims his counsel ineffectively argued the variance and multiple conspiracy issue by adopting the argument set forth in the appeal of his co-defendant. Petitioner lost this argument on direct appeal and cannot raise it on collateral review. See, e.g., United States v. Wiley, 245 F.3d 750, 752 (8th Cir. 2001).

Moreover, this Court does not consider counsel's decision to adopt and assert the argument pertaining to variance and multiple conspiracies from a co-defendant's appellate brief to be

ineffective assistance. Adopting another's argument raises and preserves the issue, and the issue was decided by this Court -- even if the decision was adverse to petitioner. This claim does not raise any objective question of counsel's failure to comply with his obligation to provide effective assistance, nor did it prejudice petitioner.

3. Apprendi

Petitioner's final claim is that his attorney failed to argue that petitioner's base offense level under the United States Sentencing Guidelines was improperly enhanced for the use of a minor under Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi held that any fact, other than a prior conviction, which increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt. See generally id.

Apprendi does not afford the petitioner any relief. It is not clear that Apprendi supports the legal argument that petitioner contends his counsel should have made on appeal. Thus, any failure by his counsel to make a creative legal argument under this decision does not amount to constitutionally defective performance.

C. Petitioner's Requests

1. Discovery

Petitioner asks for permission to conduct discovery and seeks production of medical records from the government to show that he

suffered diminished capacity from the medication he was taking during trial. Because there was no indication at trial that petitioner suffered diminished capacity, the Court declines petitioner's request to conduct discovery of the medical records related to his medication and treatment during trial.

2. Appointment of Counsel

Petitioner also asks the Court to appoint counsel to assist him in his collateral suit under 28 U.S.C. § 2255. There is, however, no constitutional right under the Sixth Amendment to counsel in habeas proceedings. See, e.g., Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994). A district court may appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2). The Court finds that the interests of justice do not require the appointment of counsel on collateral review because petitioner was well-represented at trial and on direct appeal.

3. Evidentiary Hearing

Finally, petitioner seeks an evidentiary hearing. On habeas review, a district court must hold an evidentiary hearing only where the facts are in dispute. See, e.g., Hampton v. Wyrick, 606 F.2d 834, 836 (8th Cir. 1979). There are no relevant facts in dispute with regard to the questions of the effectiveness of petitioner's counsel at trial and on appeal. Accordingly, the Court declines to hold an evidentiary hearing.

D. Certificate of Appealability

The Court has also considered whether issuance of a Certificate of Appealability is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). The Court concludes that no issue raised in this motion is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994). Thus, petitioner has not made "a substantial showing of the denial of a constitutional right," and no certificate will issue. 28 U.S.C. § 2253(c)(2).

Accordingly, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied. [Docket No. 1.]

2. Petitioner's requests for discovery, appointment of counsel, and an evidentiary hearing are denied. [Docket No. 1.]

3. No Certificate of Appealability will issue in this case.

Dated: January 29th, 2002

JAMES M. ROSENBAUM
United States Chief District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.